IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JESSICA FREEMAN                                                        PLAINTIFF

V.                                          NO. 13-5108

CAROLYN COLVIN                                                        DEFENDANT
Acting Commissioner, Social Security Administration


**MEMORANDUM OPINION**

Plaintiff, Jessica Freeman, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying her claim for supplemental security income (SSI) under the provisions

of Title XVI of the Social Security Act (Act).  In this judicial review, the Court must determine

whether there is substantial evidence in the administrative record to support the Commissioner's

decision.  See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed her current application for SSI on August 23, 2007, alleging

an inability to work since July 20, 2007, due to anxiety, scoliosis, systemic lupus erythematosus

(lupus), Reynaud's Syndrome, circulation problems, and possible connective tissue disease. (Tr.

35-52, 112-114, 118-129).  An administrative hearing was held on September 2, 2011, at which

Plaintiff appeared with counsel and testified.  (Tr. 35-52).

By written decision dated January 25, 2012, the ALJ found that Plaintiff had an

impairment or combination of impairments that were severe - scoliosis, borderline intellectual

functioning, and depression.  (Tr. 16).  However, after reviewing all of the evidence presented,

-1-

the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 16). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 C.F.R. 416.967(a) except she is able to occasionally lift and/or carry up to ten pounds frequently, frequently lift and/or carry up to ten pounds, stand and/or walk at least 2 hours out of an 8 hour work day, and sit at least 6 hours out of an 8 hour work day, all with normal breaks. She is able to perform simple, repetitive tasks, tantamount to unskilled work and this limitation inherently assumes that supervision is consistent with simple and unskilled work.

(Tr. 18). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff would be able to perform such jobs as film touch up inspector, weight tester, and bench hand. (Tr. 28).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on March 29, 2013. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 12, 13).

The Court has reviewed th entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d

964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(D).  A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the

-3-

national economy given her age, education, and experience.  See 20 C.F.R. § 416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity.  See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 416.920.

## III.   Discussion:

Plaintiff raises the following arguments on appeal: 1) The ALJ erred by failing to find other severe impairments; 2) The ALJ erred in his RFC determination by not taking into account Plaintiff's non-severe impairments; 3) The ALJ wrongly discounted Plaintiff's subjective complaints; and 4) The Commissioner's decision violates POMS §DI 25020.010(A)(3)(b). (Doc. 12).

### A.   Severe Impairments:

An impairment is severe within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities.   20 C.F.R. §§ 1520(a)(4)(ii), 416.920(a)(4)(ii).  An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work.  20 C.F.R. §§ 404.1521, 416.921.  The Supreme Court has adopted a "de minimis standard" with regard to the severity standard.  Hudson v. Bowen, 870 F.2d 1392, 1395 (8th Cir. 1989).

Plaintiff argues the ALJ erred by failing to find her thyroid disease, Reynaud's Syndrome, weight loss, syncope, fibromyalgia, degenerative disc disease, personality disorder, and anxiety to be severe impairments.  (Doc. 12).

Regarding her thyroid disease, the medical evidence reveals on September 26, 2006, Dr.

-4-

John Fowlkes, M.D., of Arkansas Children's Hospital, diagnosed her with Hashimoto's Thyroid Disease. (Tr. 214).  Four months prior, an ultrasound showed diffuse thyroid enlargement with multinodular thyroid goiter, but removal was discouraged.  (Tr. 213).  Nevertheless, her TSH and T4 were normal on a low-dose replacement, and her antibodies were positive suggesting an autoimmune process.  (Tr. 214).  Dr. Fowlkes determined she was being treated appropriately and adequately and even discharged her from the clinic in order for her to be treated locally.  (Tr. 214).  Since her discharge, Plaintiff has been diagnosed with a history of hyperthyroidism with goiter on thyroid suppression by other physicians, but no medication was prescribed and no functional limitations were recommended.  (Tr. 190, 223-224, 228). The ALJ found her thyroid disease was a non-severe impairment because she was no longer taking medicine for the condition, and there was no evidence of an examination, findings, or test results related to this condition that resulted in any functional limitation. (Tr. 16).  The Court agrees, and finds there is substantial evidence to support the ALJ's finding that Plaintiff's thyroid disease was not severe.

With respect to her Reynaud's Syndrome, in August 2007, Plaintiff reported some worsening symptoms in her toes and hands over the previous couple of months.  (Tr. 222, 223). Dr. John Furlow, M.D., referred her to a rheumatologist, Dr. Thomas Dykman, M.D.  (Tr. 222). After a physical examination and review of recent studies, on August 20, 2007, Dr. Dykman diagnosed Plaintiff with Reynaud's Syndrome associated with weakly positive ANA.  (Tr. 221). Dr. Dykman found her symptoms did not warrant treatment at that time, and he wanted to reassess her in six months.  (Tr. 221).  The remaining medical evidence shows she did not follow up with Dr. Dykman, and she did not receive a diagnosis or treatment by another physician for

AO72A
(Rev. 8/82)

this condition.   The ALJ determined Plaintiff's Reynaud's Syndrome was a non-severe impairment because nothing in the record indicated she had undergone any treatment, taken any medication, or been evaluated for this condition.  (Tr. 16).  Furthermore, no treatment records indicated a negative impact upon Plaintiff's ability to perform basic work activities.  (Tr. 16). The Court finds that as noted by the ALJ, Plaintiff's allegation that her Reynaud's Syndrome is a severe impairment is not supported by substantial evidence.

Regarding Plaintiff's weight loss, syncope, fibromyalgia, and degenerative disc disease, the evidence does not support a finding that they are severe impairments.  Plaintiff alleges her weight loss limits her ability to lift.  (No. 12).  The records reveal she weighed 95 pounds and was diagnosed with weight loss a month prior to the application date.  (Tr. 224).  More recently, on January 27, 2011, she weighed 99 pounds and had a body mass index of 17.26.  (Tr. 1235). Although she was diagnosed as being underweight, the evidence does not indicate her weight loss affected her ability to lift weight.  (Tr. 1236).  Plaintiff has maintained weight in this range for numerous years before and after the application date.  Nevertheless, the ALJ considered this impairment in combination with her other impairments when he determined the RFC to be sedentary work, meaning she would lift or carry no more than ten pounds.  (Tr. 18).  With respect to Plaintiff's syncope, she was diagnosed with syncope at the hospital and was discharged after two days, but there is no evidence to suggest the condition would last for a continuous period of at least 12 months, which is required in order for it to be a severe impairment.  (Tr. 491-492).   Regarding Plaintiff's fibromyalgia, Ms. Lucy Jones, A.P.N., diagnosed her with fibromyalgia, and noted that Plaintiff had multiple tender and tense muscle groups.  (Tr. 1312, 1315).  Dr. Dustin Pope, D.O., ordered Plaintiff to stop Cymbalta when she

-6-

began having an adverse reaction to the medication, and if she worsened, to go to the emergency room.  (Tr. 1317).  The Court finds that Plaintiff's fibromyalgia diagnosis is not in accordance with the guidelines set forth in the applicable Social Security Ruling.  See S.S.R. 12-2p.  There is no evidence to establish that fibromyalgia was even a medically determinable impairment.  (Tr. 1312, 1315, 1317).  Some examples of acceptable evidence are: at least 11 positive tender points on physical examination, evidence other disorders that could cause the symptoms or signs were excluded, or repeated manifestations of six or more symptoms.  See S.S.R. 12-2p.  The diagnosis seems to be based solely on the Plaintiff's subjective complaints.

With respect to Plaintiff's degenerative disc disease, on August 9, 2009, a MRI study of her lumbar spine revealed mild facet hypertrophy at the L3-L4 levels and minimal broad-based left paracentral, foraminal protrusion, and mild facet hypertrophy at the L4-L5 levels.  (Tr. 550).  On March 30, 2011, an X-ray of Plaintiff's lumbar spine showed good disc height throughout and a 70 degree lumbar lordosis.  (Tr. 745).  She was diagnosed with low back pain with right L4 radiculopathy, and her treatment included only physical therapy with no surgical intervention.  (Tr. 745).  On October 17, 2011, a CT scan of her lumbar spine revealed no changes of any significant disc pathology, and no central canal stenosis or foraminal stenosis.  (Tr. 1264).  On October 26, 2011, a MRI study of her lumbar spine showed no moderate or high-grade canal or neural foraminal stenosis and no disc fragment or extrusion.  (Tr. 1261-1262).  In contrast to the Plaintiff's allegations, the pertinent objective evidence shows her degenerative disc disease was not severe.  Her medical providers only recommended conservative treatment and no functional limitations were found due to her degenerative disc disease.  The Court agrees with the ALJ that Plaintiff's degenerative disc disease is not a severe impairment.

-7-

Regarding Plaintiff's anxiety, on June 25, 2007, she was diagnosed with anxiety disorder NOS, but six months later she was discharged from treatment at Ozark Guidance because she failed to remain in contact and follow through with treatment. (Tr. 202, 204, 734-736). On August 3, 2010, she went to the hospital complaining of an anxiety attack, and she was prescribed Clonazepam. (Tr. 662, 664). In February 2011, the Plaintiff reported Clonazepam was helpful, but she did not follow up with a therapist or medication management. (Tr. 591). On June 30, 2011, Plaintiff was provided with counseling for her depression with anxiety. (Tr. 1234). On September 9, 2011, Dr. Bob Wilson, III, M.D., referred her to Ozark Guidance for counseling and psychiatric treatment. (Tr. 1321). A month later, she reported to Dr. Wilson that she had yet to start regular counseling at Ozark Guidance after an initial intake appointment. (Tr. 1327). A claimant will not be found disabled if she fails to follow prescribed medical treatment without good reason. See 20 C.F.R. § 416.930(b). The records show Plaintiff's anxiety improved with the conservative treatment of prescribed medication, and she had not yet utilized the specialized mental health treatment that was available to her. Vanlue v. Astrue, No. 4: 11CV595TIA, 2012 WL 4464797 at *12 (E.D. Mo. Sept. 26, 2012); see Roberts v. Apfel, 222 F.3d 466, 469 (8th Cir. 2000).

With respect to Plaintiff's personality disorder, in early February 2011, the Plaintiff was hospitalized for eight days after an unintentional overdose of Oxycodone. (Tr. 585). Upon discharge, she was diagnosed with borderline personality disorder with dependent personality traits. (Tr. 585). She was prescribed Mirtazapine and Trazodone and instructed to follow up with Ozark Guidance for counseling. (Tr. 586). On February 27, 2011, Ms. Kimberly Shuler, L.S.C.W., also diagnosed her with borderline personality disorder. (Tr. 1233). The record only

-8-

shows she was diagnosed with personality disorder, and there is no evidence she received further specialized treatment.  The ALJ was specific in his analysis of Plaintiff's mental impairments, and even if Plaintiff had an additional severe mental impairment, the evidence of record does not suggest additional functional limitations beyond those the ALJ specified in his RFC determination.

Based upon the foregoing, there is sufficient evidence to support the ALJ's determination of severe impairments.

**B.     RFC Determination:**

RFC is the most a person can do despite that person's limitations.  20 C.F.R. § 416.945(a)(1).  It is assessed using all relevant evidence in the record.  Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 416.945(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question."  Lauer v. Apfel, 245 F.3d 700, 74 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace.  Lewis v. Barnhart, 353, F3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect her RFC."  Id.

The Plaintiff alleges the ALJ erred in not taking into account her non-severe impairments in the RFC. (Doc. 12).  The Regulations require that all of the known medically determinable

-9-

ipairments, including the non-severe impairments, be considered when determining the RFC."
See 20 C.F.R. § 416.945(a)(2); S.S.R. 96-8p.  In the decision, the ALJ explicitly stated that
"after careful consideration of the entire record," he made the RFC determination. (Tr. 18). The
Court concludes the ALJ's RFC determination is supported by substantial evidence as
exemplified by the ALJ's discussion of the medical records at length in the decision.  See
Stormo v. Barnhart, 377 F.3d 801, 807 (8th Cir. 2004) (ALJ is responsible for determining RFC,
and must base determination on medical evidence that addresses ability to function in workplace;
ALJ should consider medical records, observations of treating physicians and others, and
claimant's own description of her limitations).

    For instance, within the section in the decision dedicated to the RFC under Step 4, the
ALJ detailed Plaintiff's medical history of thyroid disease.  (Tr. 20).  Later in the decision, the
ALJ discussed the fact that Plaintiff had anxiety and was advised to obtain counseling.  (Tr. 22).
These examples illustrate how the ALJ thoroughly considered Plaintiff's non-severe
impairments when making the RFC determination.  Further, the ALJ limited the Plaintiff to
unskilled, sedentary work, and such a restrictive RFC shows he accommodated Plaintiff's
limitations imposed by her impairments. (Tr. 18).  To the extent the Plaintiff is challenging the
ALJ's RFC determination, the Court finds there is substantial evidence to support the RFC
determination.  See Guilliams v. Barnhart, 393 F.3d 798, 803 (8th Cir. 2005) (RFC must be
supported by some medical evidence).

**C.    Credibility Findings:**

    The ALJ was required to consider all the evidence relating to Plaintiff's subjective
complaints, including evidence presented by third parties that relates to: (1) Plaintiff's daily

AO72A
(Rev. 8/82)

activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322(8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966(8th Cir. 2003).

Plaintiff claims the ALJ wrongly discounted her subjective complaints. (Doc. 12). Specifically, the Plaintiff alleges that many of the reasons the ALJ used to discount her subjective complaints are erroneous. (Doc. 12). The Court agrees with the ALJ's conclusion that the Plaintiff provided inconsistent reasons throughout the record as to why she was unable to drive or limited in her driving abilities. For example, she told Dr. Cara Hatfield, Ph.D., in June 2010 that she could not drive very long due to her scoliosis, but she testified at the hearing she had difficulty driving due to right leg pain. (Tr. 40-41, 563). Nevertheless, Plaintiff was able to drive to some extent, despite her impairments.

After a review of the record, the Court concurs with the ALJ's findings that Plaintiff's complaints of pain are inconsistent with what the objective evidence shows and the amount of treatment she has received. (Tr. 21, 25). For instance, the most recent MRI study showed only scoliosis with no other significant issues. (Tr. 1262). In addition, she only received conservative treatment such as medications and physical therapy, and it was never recommended that Plaintiff undergo surgery. (Tr. 219, 616, 950, 745, 1162, 1236, 1321).

-11-

Plaintiff testified she was unable to finish high school because of her physical impairments. (Tr. 39). The Court, however, agrees with the ALJ's finding that her failure to complete school was due to anger problems, and she did not follow through with the counseling sessions that were the recommended treatment. (Tr. 25, 734-735). The Court concurs with the ALJ that the failure to comply with the recommended treatment is evidence her impairments are not as significant as she contends. (Tr. 26).

The Court also agrees with the ALJ's determination that the Plaintiff's ability to live independently when she wants to and assist with the care of her daughter show her activities of daily living are greater than she initially alleged. (Tr. 41, 46-47). Plaintiff contends the ALJ's analysis of her lack of precautions to avoid another pregnancy is beyond the scope of <u>Polaski</u>. (Doc. 12). The Court sees no reason to address this issue, as his inclusion, if error, was harmless because Plaintiff's lack of credibility was established by other facts in the case, as detailed above in this section of the opinion. <u>See Arkansas v. Oklahoma</u>, 503 U.S. 91, 109 n. 13 (1992) (immaterial flaw by ALJ will not justify remand); <u>Hensley v. Barnhart</u>, 352 F.3d 352, 357 (8th Cir. 2003) (ALJ's incorrect determination of claimant's literacy harmless error where result was same when correct Medical–Vocational Guidelines rule was applied); <u>Hall v. Bowen</u>, 857 F.2d 1210, 1212 & n. 2 (8th Cir. 1988)(same result even if ALJ understood the Listing).

Because the ALJ's credibility determination was supported by good reasons and substantial evidence, the Court concludes that it is entitled to deference. <u>See Cox v. Barnhart</u>, 471 F.3d 902, 907 (8th Cir. 2006). Based on the foregoing, as well as those reasons given in Defendant's well-stated brief, the Court finds that there is substantial evidence to support the ALJ's credibility findings.

**D.      POMS §DI 25020.010(A)(3)(b):**

In her final argument, Plaintiff alleges the ALJ's decision violates the requirements of POMS §DI 25020.010(A)(3)(b).  (Doc. 12).   The section states that the basic mental abilities critical for performing unskilled work include, among other things, the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods.  See POMS §DI 25020.010(B)(3)(I).  The Plaintiff argues the opinion provided by Ms. Paula Lynch, medical consultant for the state agency, calls for a fully favorable decision.  (Doc. 12).  Ms. Lynch found the Plaintiff's ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, was moderately limited.  (Tr. 262). Significantly, Ms. Lynch still concluded the Plaintiff was capable of unskilled work despite the limitation.  (Tr. 263).  After a review of the entire record, the ALJ found her RFC to consist of simple and unskilled work with no inclusion of the limitation alleged by the Plaintiff.  (Tr. 18). The Court agrees with the ALJ's finding, and the Plaintiff's argument is without merit.

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff's benefits, and thus the decision is hereby affirmed.  The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 10th day of September, 2014.

/s/ Erin L. Setser
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-13-

AO72A
(Rev. 8/82)